COURT OF APPEALS
DECISION
DATED AND FILED

July 3, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.    **2022AP1713**

STATE OF WISCONSIN

Cir. Ct. No.  2018CV1725

IN COURT OF APPEALS
DISTRICT II

DARRELL KOCH AND KIMBERLY KOCH,

   PLAINTIFFS-APPELLANTS,

 V.

RUSS KIRSCHBAUM,

   DEFENDANT-RESPONDENT.

APPEAL from an order of the circuit court for Waukesha County: MICHAEL O. BOHREN, Judge. *Affirmed*.

Before Gundrum, P.J., Neubauer and Grogan, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM. Darrell and Kimberly Koch appeal from a circuit court order entered in favor of Russ Kirschbaum following a jury trial. The Kochs challenge (1) the sufficiency of the evidence to support the jury's verdict on Kirschbaum's counterclaim; (2) the circuit court's decision to exclude certain photographs at trial; and (3) the circuit court's decision to grant injunctive relief to Kirschbaum after trial. For the reasons that follow, we affirm.

¶2     This case arises from a dispute between neighbors in the Town of Mukwonago. The Kochs, who are married, sued Kirschbaum for private nuisance and trespass due to his removal of brush and buckthorn trees near the property line that they shared with him. Kirschbaum filed a counterclaim against the Kochs for private nuisance after they installed cameras near the property line and directed them at Kirschbaum's property. The matter proceeded to trial.

¶3     At trial, the jury heard testimony from multiple witnesses, including the Kochs, Kirschbaum, and a houseguest of Kirschbaum's named Donna Nickel. Collectively, their testimony addressed the disputed removal of brush/trees and installation of cameras thereafter.

¶4     Also at trial, the Kochs sought to introduce photographs depicting tree stumps in the area near the property line. Kirschbaum objected to the photographs on grounds that they were taken years after he had removed the brush/trees and were not produced during discovery or pursuant to the court's

scheduling order.[1] The circuit court sustained Kirschbaum's objection and excluded the photographs.

¶5 At the conclusion of trial, the jury rejected the Kochs' claims and found them liable on Kirschbaum's counterclaim under a theory of negligence. It awarded Kirschbaum damages totaling $8,000.

¶6 The Kochs subsequently moved for post-verdict relief. They asked the circuit court to change the jury's verdict on Kirschbaum's counterclaim due to insufficient evidence. Additionally, they asked for a new trial based on the decision to exclude the photographs of stumps, which they believed was erroneous.

¶7 Kirschbaum also sought post-verdict relief. He requested a permanent injunction to require the Kochs to remove cameras pointed at his property and prevent them from erecting more cameras along the property line that were "directed toward or may contain a view" of his property. The request was based on a "high probability that [the Kochs] will continue to cause this nuisance."

¶8 After multiple hearings, the circuit court denied the Kochs' motion but granted Kirschbaum's request. The court found there was credible evidence in the record that the Kochs had "acted as a unit" in installing cameras that created a negligent private nuisance. It further found that the decision to exclude the photographs of stumps was proper and had little impact on the case. Finally, the court determined that injunctive relief was warranted. This appeal follows.

---

[1] The photographs were taken after the first day of trial on June 22, 2021. This was over four years and nine months after the disputed removal of brush/trees. Also, the circuit court's scheduling order had required the parties to produce trial exhibits by October 21, 2019.

¶9      On appeal, the Kochs first contend that there was insufficient evidence to support the jury's verdict on Kirschbaum's counterclaim.   They dispute that Darrell was negligent in his installation of the cameras and note that Kimberly did not testify at all about her actions regarding the cameras.

¶10      Our review of a jury's verdict is narrow, and we will sustain it if there is any credible evidence to support it.  **Betterman v. Fleming Cos.,** 2004 WI App 44, ¶15, 271 Wis. 2d 193, 677 N.W.2d 673.   Our standard of review is even more stringent where, as in this case, the circuit court upheld the verdict on post-verdict motions.   **Id.**, ¶16.   In such situations, we will not overturn the verdict unless "'there is such a complete failure of proof that the verdict must be based on speculation.'"   **Id.** (citation omitted).

¶11      Here, the testimony at trial established that Darrell installed as many as nine cameras in response to the disputed removal of brush/trees.   The cameras were pointed at Kirschbaum's property, with some positioned as close as 6 to 10 feet off the property line and having a sensor range of up to 60 feet.   Nickel recounted the "sea of red lights" that were visible at night from the cameras.   She also recalled instances where Kimberly would come out to confront her when a camera captured Nickel near the property line.[2]   Nickel and Kirschbaum believed they were constantly being watched and adjusted their behavior accordingly.   They used their yard/patio less frequently and opted against putting in a pool.

---

[2] During one of the confrontations, Kimberly informed Nickel that Nickel's attempt to create a privacy barrier to the cameras with a garden flag was "not going to do any good." Kimberly's words demonstrate an awareness of the cameras and the images they were capturing. There is no indication that she disagreed with the cameras' placement or asked Darrell to take them down.

¶12    Based on this evidence, the jury could reasonably conclude that the Kochs had created a private nuisance with their cameras.  *See Milwaukee Metro. Sewerage Dist. v. City of Milwaukee*, 2005 WI 8, ¶27, 277 Wis. 2d 635, 691 N.W.2d 658 (noting that a private nuisance is "'broadly defined to include any disturbance of the enjoyment of property[.]'" (citation omitted)).  Although it may not have been the Kochs' intention to do so, a private nuisance can be based on negligence, which is what the jury found.  *See Bostco LLC v. Milwaukee Metro. Sewerage Dist.*, 2013 WI 78, ¶31, 350 Wis. 2d 554, 835 N.W.2d 160 (recognizing that a nuisance may be caused by negligence).  In any event, on this record, we will not overturn the jury's verdict.

¶13    The Kochs next contend that the circuit court erroneously excluded the photographs of stumps at trial.  They submit that the photographs would have bolstered their case against Kirschbaum and possibly led to a different verdict.

¶14    A circuit court's decision to admit or exclude evidence is committed to its sound discretion.  *Martindale v. Ripp*, 2001 WI 113, ¶28, 246 Wis. 2d 67, 629 N.W.2d 698.  We generally look for reasons to sustain a discretionary ruling. *State v. Chitwood*, 2016 WI App 36, ¶34, 369 Wis. 2d 132, 879 N.W.2d 786.

¶15    In this case, there is ample reason to sustain the circuit court's ruling.  As noted, the photographs of stumps were taken years after the disputed removal of brush/trees and not provided as exhibits until trial.  It was unclear to the court whether the stumps were the result of Kirschbaum's actions or more recent work done on the Kochs' property.  Consequently, the photographs were of limited probative value.  Moreover, the time to produce exhibits had long since passed under the court's scheduling order, and it was unfair to introduce new

exhibits in the middle of trial. In light of the foregoing, the court's decision to exclude the photographs was appropriate.[3]

¶16 Finally, the Kochs contend that the circuit court erred in granting Kirschbaum's request for injunctive relief. They complain that the relief is not supported by the evidence in the record.

¶17 A circuit court's decision to grant injunctive relief is also committed to its sound discretion. *Hoffmann v. Wisconsin Elec. Power Co.*, 2003 WI 64, ¶10, 262 Wis. 2d 264, 664 N.W.2d 55. Again, we generally look for reasons to sustain a discretionary ruling. *Chitwood*, 369 Wis. 2d 132, ¶34.

¶18 We have already upheld the jury's verdict to find the Kochs liable for negligent private nuisance. That counterclaim was based on their installation of cameras, which were pointed at Kirschbaum's property. Some of those cameras remained in place after trial. Given this fact, which was established at one of the post-verdict hearings, it was reasonable for Kirschbaum to seek injunctive relief and equally reasonable for the circuit court to grant it. After all, "'[t]he purpose of an injunction is to prevent [future] violations.'" *Bostco*, 350 Wis. 2d 554, ¶60 (citation omitted). Without it, the nuisance would have continued and the parties would have found themselves back in court. Accordingly, we are satisfied that the court properly granted injunctive relief.[4]

---

[3] In their brief, the Kochs suggest that Kirschbaum's counsel "opened the door" for admitting the photographs via his cross-examination of Darrell. The record does not support this assertion. Rather, the record shows that counsel carefully asked whether any stumps were documented at the time period of the incident or within three years thereafter. They were not.

[4] To the extent we have not addressed an argument raised by the Kochs on appeal, the argument is deemed rejected. *See State v. Waste Mgmt. of Wis., Inc.*, 81 Wis. 2d 555, 564, 261 N.W.2d 147 (1978).

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5 (2021-2022).